HENRY S. GLAZIER *vs.* SULLIVAN L. CARPENTER.

After an appeal has been taken from the judgment of the court of common pleas in a civil action, and entered in this court, and the appellant allowed to plead a certificate of discharge in insolvency, and the case remitted to the court of common pleas for trial of that issue, it is too late to object that the appeal was unauthorized by law.

ACTION OF CONTRACT. After trial and verdict for the plaintiff in the court of common pleas at December term 1857, the defendant suggested that a warrant in insolvency had issued against him, and moved for a continuance, which the court declined to grant; and the defendant then moved in arrest of judgment, for defects in the plaintiff's writ, and this motion being also overruled and judgment rendered for the plaintiff, the defendant appealed to this court, and entered his appeal at February term 1858, from which it was continued to October term 1858; and this court then gave the defendant leave to withdraw his motion in arrest of judgment, and to plead a certificate of discharge in insolvency, dated September 20th 1858, and without setting aside the verdict, remitted the case to the court of common pleas for trial.

At the trial in that court at April term 1859 the plaintiff objected that the former verdict and judgment in that court were conclusive and final; that the motion in arrest of judgment

was frivolous and void, and against the provisions of the *St.* of 1852, *c.* 312, § 22; that the appeal taken from that judgment was unauthorized by law, and this court never had jurisdiction of the case; and that the defendant therefore could not rely upon his certificate of discharge in insolvency in defence of the action. But *Aiken,* J. overruled all the objections, and also a motion in arrest of judgment, filed upon like grounds after a verdict for the defendant. The plaintiff alleged exceptions.

*W. L. Burt,* for the plaintiff.

*J. W. May,* for the defendant.

BIGELOW, C. J. The record in this case shows that the appeal was regularly taken and duly entered in this court, and that the case was remitted to the court of common pleas for the purpose of trying the question of the validity of the defendant's discharge. This was in accordance with our well settled practice in similar cases. *Morris* v. *Briggs,* 3 Cush. 342. *Lewis* v. *Shattuck,* 4 Gray, 572.

If the appeal was wrongly taken, the plaintiff should have either moved for judgment in the court of common pleas when the appeal was claimed, or applied to have it dismissed when it was entered in this court. But he did neither; on the contrary, the case was duly entered in this court, and remained here until it was sent back to the court of common pleas for the very purpose of enabling the defendant to plead his discharge in insolvency. After these proceedings, it was too late for the plaintiff to insist on the objection that the appeal was improvidently taken and allowed. *Exceptions overruled.*